**TL Ventures III Management L.P. v. Fabbio**

*Aaron Krauss,* for plaintiffs.

*Leslie M. Greenspan, Keith R. Dutill* and *Gina M. Scambal-Stowe,* for defendants.

BERNSTEIN, *J.,* January 10, 2011—Petitioners and respondents were partners in a venture capital fund. The parties defined their relationship through a series of integrated contracts (the "partnership agreements"). The contracts contained an arbitration clause and a choice-of-law provision. The arbitration clause specified that any dispute which arose out of the partnership agreements

would be settled in arbitration "under the U.S. arbitration act, if applicable, and the then current commercial arbitration rules of the American Arbitration Association (the 'Association')."[1] According to that arbitration clause, arbitration was to be conducted at "the Association's regional office located in Philadelphia Pennsylvania." The choice-of-law provision stated that Delaware law would govern.

On January 9, 2009, petitioners demanded arbitration before the American Arbitration Association in Philadelphia to recover money due under the partnership agreements.

Respondents counterclaimed for breach of the fiduciary duties of loyalty and care and joined additional parties. The arbitrators conducted eight days of hearings on December 1-4, 2009 and April 19-22, 2010. During those hearings, all parties were present, represented by counsel, and given a full opportunity to present witnesses and argument on all claims and counterclaims.

On May 26, 2010, the arbitrators rendered their award. They held that respondents Robert Fabbio and the Fabbio Family Limited Partnership owed petitioners $1,709,882, together with interest at the rate of 5.5% from December 22, 2008. Robert Fabbio and the Fabbio Limited Partnership were held jointly and severally liable. The

---

1. Although the partnership agreements refer to the "U.S. Arbitration Act," courts have used the term "U.S. Arbitration Act" to mean the "Federal Arbitration Act," 9 U.S.C. § 1 et seq. *Compare Teamsters Local Union No. 89 v. Kroger Co.*, 617 F.3d 899 (6th Cir. 2010) with *Burlington N. & Santa Fe Ry. Co. v. Public Serv. Co.*, No. 09-5133, 2010 U.S. App. LEXIS 25252 (10th Cir. Dec. 10, 2010).

arbitrators also found respondent Dr. Stephen Andriole liable to petitioners in the amount $253,201, together with $2,825.89 in fees and expenses and interest at the rate of 5.5% from December 22, 2008. On May 28, 2010, TL Ventures III Management L.P., et al., petitioned this court to confirm the arbitration award. On June 17, 2010, respondents moved to dismiss the petition and vacate the award.

The court must determine whether it has jurisdiction to confirm the arbitration award and whether venue is proper.[2] 42 Pa.C.S. §7318 provides that an agreement "providing for arbitration in this commonwealth confers jurisdiction on the courts of this commonwealth to enforce the agreement under this subchapter and to enter judgment on an award made thereunder." 42 Pa.C.S. §7319 states that venue is proper "in the county in which the [arbitration] hearing has been held." The partnership agreements required arbitration in Pennsylvania and arbitration occurred in Philadelphia County. Without question, this court has jurisdiction to confirm the arbitration award and venue is proper.

The court must also ascertain the proper standard of review because the parties disagree. Pennsylvania's Uniform Arbitration Act[3] and the Federal Arbitration

---

2. Respondents claim this court lacks jurisdiction due to a prior pending action in Texas. Absent any claim that the prior action has reached a final judgment, which might involve the Full Faith and Credit Clause of the U.S. Constitution, this claim is devoid of any substance.

3. 42 Pa.C.S. §7301 et seq.

Act ("FAA")[4] provide different standards of review for arbitration awards. Petitioners contend that Pennsylvania's Uniform Arbitration Act controls. Respondents urge this court to apply the standard set forth in the FAA. The Superior Court addressed this precise issue in *Trombetta v. Raymond James Financial Services, Inc.*.[5]

The arbitration agreement presented to the *Trombetta* court was created under the FAA. That arbitration agreement provided that "a court having jurisdiction shall conduct a 'de novo' review of the transcript and exhibits of the arbitration hearing."[6] After arbitration, the appellants filed a petition for vacatur in state court which was denied. On appeal, the Superior Court discussed the enforceability of the "de novo" review provision. To evaluate the "de novo" clause, the court had to decide whether the FAA preempted state law concerning the standard of review of an arbitration award.

Federal law preempts a state rule only if congress has manifested a clear intent to occupy an entire field, or the state rule frustrates congress' objective.[7] The FAA contains no express preemptive provision and does not reflect any congressional intent to occupy the entire field of arbitration. In fact, Congress specifically limited section 10 of the FAA, which sets out the federal arbitration standard of appellate review, to "the United States court

---

4. 9 U.S.C. §1 et seq.
5. 907 A.2d 550 (Pa. Super. Ct. 2006).
6. *Id.* at 556.
7. *Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior*, 489 U.S. 468, 477 (1989).

in and for the district wherein the award was made,"[8] thus leaving state courts free to apply their standards of review.

The U.S. Supreme Court has determined that the FAA policy concerns parties' freedom to agree to arbitration in lieu of the public court system. As the Supreme Court has said, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."[9] The standard of appellate review, left to state determination by the FAA, does not affect any federal policy. The Superior Court, in *Trombetta*, unambiguously held that the state standard of appellate review of an arbitration award is not preempted by federal law. Pennsylvania's Uniform Arbitration Act provides the standard of review in this case.

Pennsylvania's Uniform Arbitration Act recognizes two types of arbitration, statutory and common law, each with a different standard of review. The statutory arbitration provisions only apply when the written agreement to arbitrate expressly provides for arbitration pursuant to the Uniform Arbitration Act or a similar statute.[10] All other cases are governed by the common law arbitration provisions.[11] The agreements herein required arbitration pursuant to the "commercial arbitration rules of the American Arbitration

---

8. 9 U.S.C. § 10(a).

9. *Trombetta*, 907 A.2d at 567 (quoting *Volt Info. Sciences, Inc.*, 489 U.S. at 476).

10. 42 Pa.C.S. § 7302(a).

11. *Id.*

Association." They expressly provided for non-statutory arbitration.[12] Therefore the standard of review for common law arbitration governs this case. This result is also compelled by clear binding precedent. In *Midomo Co. v. Presbyterian Housing Development Co.*,[13] the Superior Court said: "[a]n agreement to arbitrate in accordance with the Rules of the [American Arbitration Association] is an agreement pursuant to common law arbitration."[14]

The standard of review for common law arbitration is extremely limited. To overturn a common law arbitration award, the challenging party must show by clear and precise evidence that he was denied a hearing, or that fraud, misconduct, corruption or some other irregularity caused an unjust, inequitable or unconscionable award.[15] By agreeing to the economical and expeditious handling of claims by experienced arbitrators instead of the potentially erratic verdicts of randomly selected jurors presided over by elected judges, the parties knowingly give up their rights to appellate review for mistakes of law or errors of fact.[16]

Respondents challenge the award on four grounds. Each challenge alleges a mistake of fact or error of

---

12. The partnership agreements' reference to the U.S. Arbitration Act, made conditional by the phrase "if applicable," is insufficient to invoke the statutory arbitration provisions of Pennsylvania.

13. 739 A.2d 180 (Pa. Super. 1999).

14. *Id.* at 183.

15. 42 Pa.C.S. § 7341; *Bole v. Nationwide Ins. Co.*, 475 Pa. 187, 190, 379 A.2d 1346, 1348 (Pa. 1977).

16. See *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 115, 299 A.2d 585, 589 (Pa. 1973); *Boulevard Assocs. v. Seltzer Partnership*, 664 A.2d 983, 987 (Pa. Super. 1995).

law. Respondents claim the award was contrary to the partnership agreements. The interpretation of a contract is a question of law which cannot be reviewed. The Pennsylvania Supreme Court has specifically said "an arbitration award is conclusive even if it has the effect of varying the terms of the contract."[17] Respondents claim that the arbitrators misapplied Delaware law. Even if accurate, an arbitration award cannot be vacated for a mistake of law. Respondents claim the amount of the award was miscalculated. The parties submitted the issue of damages to the arbitrators and a full due process hearing was held. The award represents the arbitrators' determination of those damages. This factual determination, even if inaccurate, cannot be reviewed by this court.[18] Finally, respondents oppose the arbitrators' decision on joint and several liability. Whether this claim alleges an error of fact, a mistake of law, or both, it is not reviewable.

Respondents claim only errors of law, or mistakes of fact, or improper application of law to fact. These are precisely the types of errors that may not be reviewed. The award is confirmed.

## ORDER

And now, January 10, 2011, upon consideration of the

---

17. *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 462, 383 A.2d 189, 192 (Pa. 1978).

18. If the arbitration had been statutory, the court review the damages to correct an obvious miscalculation. 42 Pa.C.S. § 7315(a)(1). However, under common law arbitration, no such discretion is afforded to the reviewing court.

petition to confirm arbitration award, and respondents' motion to dismiss, it is hereby ordered that the petition is granted and respondents' motion is denied. The arbitration award entered on May 26, 2010 is confirmed.